IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| PRESILIENT, LLC | ) Chapter 7 |
| EIN: 26-4570934 | ) Case No. 17-13994 EEB |
| | ) |
|     *Debtor.* | ) |

**TRUSTEE'S COMBINED MOTION TO (i) SELL PERSONAL PROPERTY OF THE ESTATE BY AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES OR OTHER INTERESTS; (ii) EMPLOY DICKENSHEET & ASSOCIATES, INC. AS AUCTIONEER; AND (iii) COMPENSATE AND REIMBURSE AUCTIONEER FROM SALE PROCEEDS**

Dennis W. King, Chapter 7 Trustee ("*Trustee*") of the bankruptcy estate of Presilient, LLC ("*Debtor*"), by his undersigned counsel, hereby requests authority to: (i) sell certain non-exempt personal property of the bankruptcy estate by auction free and clear of all liens, claims, encumbrances or other interests pursuant to Bankruptcy Code §§ 363(b) and (f) and Fed.R.Bankr.P. 6004, (ii) employ Dickensheet & Associates, Inc. ("*Dickensheet*") as auctioneer; and (iii) compensate and reimburse Dickensheet from the proceeds of sale pursuant to Bankruptcy Code §§ 330 and Fed.R.Bankr.P. 2016. In support hereof, Trustee states as follows:

### I. BACKGROUND

1. Debtor filed a voluntary Chapter 7 bankruptcy petition on May 2, 2017 (the "*Petition Date*"). Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate.

2. Debtor provided managed IT operational support services to businesses worldwide. The company offered managed IT infrastructure support services, including administration and management of core IT infrastructure components, including servers, storage/disks, security and backup; and backup and recovery services. Debtor's corporate office was located at 12303 Airport Way #125, Broomfield, CO 80021.

3. On Schedule A/B of Debtor's bankruptcy schedules, Debtor stated that it owned office furniture and fixtures with a value of $2,000 and office equipment, including computer equipment and communication systems equipment and software with a value of $20,000.

4. Trustee intends to enter into an agreement to sell some of the furniture and equipment to Debtor's landlord for the corporate office space. Trustee intends to file a separate motion seeking authority to sell certain of the assets to Debtor's landlord.

5. Because the office lease was only paid through May 31, 2017 and because Trustee did not assume the corporate office lease, Trustee requested that Dickensheet remove the furniture

and equipment that Trustee does not intend to sell to the landlord and store such furniture and equipment at its warehouse. A list of furniture and equipment that Trustee does not intend to sell to the landlord is attached hereto as **Exhibit A** (collectively referred to herein as the "*Furniture and Equipment*"). The Furniture and Equipment has been moved and is being stored at Dickensheet's warehouse.

## II.  MOTION TO SELL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

6. Pursuant to 11 U.S.C. §704, Trustee is charged with collecting and reducing the non-exempt personal property of the estate to money. Section 363(b) of the Bankruptcy Code provides that Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. In this Motion, Trustee is seeking to sell the Furniture and Equipment by auction to be conducted by Dickensheet pursuant to § 363(b).

7. Pursuant to 11 U.S.C. § 363(f), Trustee may sell property of the estate under §363(b) free and clear of any lien, claim, encumbrance or other interest in such property held by entity other than the estate if, among other things, such entity consents or such lien or interest is in bona fide dispute.

8. Debtor did not list any secured claims or liens against the Furniture and Equipment on its bankruptcy schedules. After reviewing the Colorado Secretary of State website, Trustee discovered one existing UCC financing statement filed by First Business Factors, a division of First Business Capital Corp ("*First Business*") listing a security interest in substantially all of Debtor's assets. Trustee is informed and believes that the debt to First Business has been paid in full.

9. Trustee is unaware of any other liens, claims, encumbrances or other interests asserted in the Furniture and Equipment and therefore, believes that the assets may be sold free and clear of all liens, claims, encumbrances or other interests pursuant to 11 U.S.C. § 363(f).

## II.  REQUEST TO EMPLOY AND COMPENSATE AUCTIONEER

10. On May 12, 2017, Trustee filed an application to employ Dickensheet to act as auctioneer/liquidator/appraiser/storage in this case and to assist Trustee with a potential auction or with the storage and/or protection and/or moving of property of the estate. The May 12th application to employ provided that Trustee had negotiated a compensation agreement with Dickensheet pursuant to which Trustee agreed to pay Dickensheet a 15% commission on the gross proceeds received from a sale of the estate assets sold at auction, plus costs associated with the moving, storing and protecting the estate assets.

11. On May 15, 2017, the Court entered an Order for Compliance with Local Bankruptcy Rule 9013-1 or Other Applicable Rules of Procedure regarding Service and Notice stating that an application to employ that requests commissions, contingency fees or flat fees must go on notice to all parties.

12. On May 16, 2017, Trustee filed an amended application to employ, removing the stated commission percentage with the intention to request authority to pay a commission with an application to sell the Furniture and Equipment by auction.

13. On May 23, 2017, the Court denied the amended application.

14. This Motion renews the application to employ Dickensheet as the auctioneer pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr.P. 2014, to conduct an auction to sell the Furniture and Equipment. After discussions with Dickensheet, Trustee intends to conduct a seven (7) day online auction of the Furniture and Equipment with bids ending on the 7th day after commencing the auction. If the Furniture and Equipment does not sell on the online auction, Dickensheet intends to either reschedule an online auction or include the Furniture and Equipment that didn't sell in its next scheduled general auction. Dickensheet intends to advertise the Furniture and Equipment on its website www.dickensheet.com, and others, text message blast, direct mail, social media and by email and advertising the auction with color display ads with photos in HUB throughout the Denver metropolitan area, distributed by the DenverPost. The Furniture and Equipment may be viewed on Dickensheet's website or at Dickensheet's warehouse located at 1501 W. Wesley Boulevard, Denver, CO 80223 at the times posted on the website or by appointment by calling (303) 934-8322.

15. Dickensheet is an experienced auctioneer in the Denver area. Subject to the supervision and further order of this Court, Dickensheet has or will perform the following services:

- A. move and store the Furniture and Equipment pending sale;
- B. prepare the Furniture and Equipment for sale;
- C. advertise the Furniture and Equipment for sale and advertise the date and time for the auction;
- D. conduct the auction;
- E. collect and remit all proceeds of sale;
- F. account for and pay all sales taxes due as a result of such sale; and
- G. prepare and file a report of sale after the sale showing the name of the purchaser(s) and the sales price of each item sold.

16. Trustee requests authority to pay to Dickensheet a fifteen percent (15%) commission on the gross proceeds received from any sale of the Furniture and Equipment. Trustee also requests authority to reimburse Dickensheet from the proceeds of sale for all actual and necessary costs and expenses incurred in the process of moving, storing, preparing, marketing and selling the Furniture and Equipment pending sale.

17. Trustee believes the rates to be charged to the estate by Dickensheet are customary and standard rates charged by auctioneers in the Denver area for similar assets. Dickensheet will not receive compensation and reimbursement of expenses from the estate except in accordance with the Bankruptcy Code and Rules.

18. Dickensheet is licensed to provide auctioneering services in the State of Colorado and has a Motor Vehicle Dealers License and a Dealer's Bond in the amount of $30,000.00.

Bond No. 3312634 is a bond issued in favor of the State of Colorado. This Bond has been in force since June 1995 and is paid up to the next renewal date of June 30, 2018 (the Bond renews continuously until cancelled by Principal).

19. Dickensheet has a blanket bond in the amount of One Hundred Thousand Dollars ($100,000.00). Bond No. 71340408 is a bond issued in favor of the U.S. Government. This Bond has been in force since October 31, 2012 and is paid up to the next renewal date of October 31, 2017 (the Bond renews continuously until cancelled by Principal).

20. Dickensheet has liability insurance in the amount of $2,000,000.00. Dickensheet also has theft, fire and casualty insurance in the amount of $500,000.00. These policies are issued by EMC Insurance, Policy No. 4X52487. The insurance is in effect and is paid quarterly through the next renewal date of August 25, 2018.

21. To the best of the Trustee's knowledge, Dickensheet is a disinterested person and does not hold or represent an interest adverse to the Trustee or the estate. Dickensheet does not have any connection with the Trustee, Debtor, the creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; except that Dickensheet incurred moving and storing expenses related to the previous motions to employ and has been employed by Trustee and by the principals of Trustee's counsel in other unrelated cases and in other unrelated matters.

22. Attached hereto as **Exhibit B** is the Affidavit of Christine Dickensheet stating that Dickensheet is a disinterested person under 11 U.S.C. §§ 101 and 327. The Affidavit further states that Dickensheet is not a creditor (other than the moving and storing expenses incurred during this case), equity security holder or insider of Debtor and does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

## V. CONCLUSION

23. Trustee believes that there are sound business reasons for selling the Furniture and Equipment by an auction to be conducted by Dickensheet in the manner described above and that an auction is in the best interest of the estate and creditors. Dickensheet will market the Furniture and Equipment on its website, by advertisement in the Denver Post and by emails which will expose the assets to potential bidders that bid on similar types of assets. Trustee believes an auction will result in good-faith arms-length transactions and such auction is in the best interest of the bankruptcy estate.

**WHEREFORE**, Trustee respectfully requests that the Court enter an Order, a form of which is submitted herewith:

(1) Authorizing Trustee to sell the Furniture and Equipment by auction outside the ordinary course of business pursuant to 11 U.S.C. § 363(b) and Fed.R.Bankr.P 6004, free and clear of all liens, claims, encumbrances or other interests pursuant to 11 U.S.C. § 363(f);

(2) Authorizing Trustee to employ and retain Dickensheet as auctioneer for the purpose of conducting an auction of the Furniture and Equipment in the manner described in this Motion, pursuant to 11 U.S.C. § 327 and Fed.R.Bankr.P. 2014;

(3) Authorizing Trustee to pay to Dickensheet a fifteen percent (15%) commission on the gross proceeds received from the sales of the Furniture and Equipment and reimburse Dickensheet for its actual and necessary costs and expenses incurred in connection with moving, storing, preparing, marketing and selling the Furniture and Equipment; and

(4) Granting such other and further relief as the Court deems just and proper.

Dated:  July 19, 2017.                                  Respectfully submitted,

*/s/ Joli A. Lofstedt*
Joli A. Lofstedt, Esq. #21946
Connolly & Lofstedt, P.C.
950 Spruce Street, Suite 1C
Louisville, CO 80027
Telephone: (303) 661-9292
Fax: (303) 661-9555
joli@clpc-law.com

*Counsel to Dennis W. King, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on July 19, 2017, I served by pre-paid first class mail copies of the **TRUSTEE'S COMBINED MOTION TO (i) SELL PERSONAL PROPERTY OF THE ESTATE BY ONELINE AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES OR OTHER INTERESTS; (ii) EMPLOY DICKENSHEET & ASSOCIATES, INC. AS AUCTIONEER; AND (iii) COMPENSATE AND REIMBURSE AUCTIONEER FROM SALE PROCEEDS, NOTICE** and **PROPOSED ORDER** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and the Local Bankruptcy Rules at the following addresses:

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Dennis W. King, Trustee
PO Box 460609
Aurora, CO 80046-0609

First Business Factors, a division of First
Business Capital Corp
2400 E. Devon
Suite 211
Des Plaines, IL 60018

Lance J. Goff
3015 47th St.
Ste. E-1
Boulder, CO 80301

Presilient, LLC
12303 Airport Way
Ste. 125
Broomfield, CO 80021

First Business Factors
c/o Business Filings Incorporated, Reg. Agent
118 W. Edwards St., Ste. 200
Springfield, IL 62704

Randy Ahrens, Mayor
City and County of Broomfield
One DesCombes Drive
Broomfield, CO 80020

Kim Pfeifer, Revenue Manager
1 DesCombes Drive
Broomfield, CO 80020

Cynthia Coffman
Colorado Attorney General
1300 Broadway, 10th Fl.
Denver, CO 80203

Colorado Dept. of Revenue
Executive Director's Office
Attn: Barbara Brohl, Executive Director
PO Box 17087
Denver, CO 80217-0087

                                              */s/ Christy Bevel*
                                              Christy Bevel, Legal Assistant



1501 W Wesley Ave.  Denver, Colorado 80223
303-934-8322   Christine@Dickensheet.com
www.dickensheet.com

# PRESILIENT, LLC
## BANKRUPTCY CASE NUMBER: 17-13994

MR. DENNIS KING, TRUSTEE

| QTY | INVENTORY LIST |
|---|---|
| 3 | "U" SHAPED EXECUTIVE DESKS WITH OVERHEAD HUTCH, BLACK HARDWARE |
| 6 | WOOD FRAME WITH UPHOLSTERED SIDE CHAIRS, SCRATCHED |
| 1 | LOT OF CLEAR CHAIR/DESK MATS |
| 1 | PANASONIC MICROWAVE OVEN, CUISINART COFFEE MAKER, FOUR SLICE TOASTER, EURO PRO TOASTER OVEN WITH KITCHENWARE |
| 1 | FELLOWES PAPER SHREDDER |
| 1 | DELL ALL IN ONE FAX/COPIER/PRINTER/SCANNER WITH AUTOMATIC DOCUMENT FEEDER |
| 2 | SMALL TOOLBOXES |
| 3 | DELL LASER PRINTERS |
| 1 | PELOUZE MANUAL SHIPPING SCALE |
| 1 | RUBBERMAID FOUR SHELF WAREHOUSE CART |
| 1 | LOT OF SURGE PROTECTORS |
| 1 | SERVER KEYBOARD, RACK MOUNT INSERT |
| 1 | LOT OF DELL RACK MOUNT SERVERS (HARDWARE ONLY), KEYBOARDS, CABLES.  PLEASE NOTE THAT THE SERVERS AND BOXES OUTLINED TO BE DESTROYED HAVE BEEN SEPARATED FROM THE REMAINING OF THE SIMILAR ASSETS. |
| 20 | DELL, OTHER WIDE SCREEN FLAT PANEL MONITORS, SOME WITH BASES |
| 5 | DELL WIDE SCREEN LAPTOPS (HARDWARE ONLY) WITH DOCKING STATIONS IN BOX |
| 1 | LOT OF CISCO, OTHER RACK MOUNT SWITCHES |
| 9 | DELL (VARIOUS MODELS) COMPUTER TOWERS (HARDWARE ONLY) |
| 1 | LABEL MAKER |
| 1 | DIGITAL RING CENTRAL DISPLAY TELEPHONE DESKSETS |
| 1 | TAN FOUR DRAWER METAL LATERAL FILE CABINET |
| 1 | BLACK TWO/FOUR WHEEL DOLLY |
| 2 | FIRE EXTINGUISHERS |
| 2 | WOOD BASE WITH OFF WHITE SHADE TABLE LAMPS |
| 2 | ANSEL ADAMS BLACK AND WHITE FRAMED PRINTS |
| 1 | SENTRY OFF WHITE FOUR DRAWER FIRE RESISTANT LATERAL FILE CABINET |
| 1 | LOT OF LAMINATE TOP WORK TABLES |
| 1 | LOT OF BLACK MESH WITH BLACK FRAME FIVE STAR HYDRAULIC CHAIRS, AWAITING ARRANGEMENTS FOR RELOCATION WITH LANDLORD REPRESENTATIVE AS OF JULY 3RD, 2017 |
| 1 | OAK OVAL CONFERENCE TABLE WITH (8) PATTERNED FIVE STAR BASE ARMED STENO CHAIRS, AWAITING ARRANGEMENTS FOR RELOCATION WITH LANDLORD REPRESENTATIVE AS OF JULY 3RD, 2017 |
| 1 | LG WIDE SCREEN TELEVISION WITH WALL MOUNT |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

IN RE: Presilient, LLC ) CASE: 17-13994 EEB
d/b/a Presilient Worldwide )
DEBTOR ) CHAPTER 7

# AFFIDAVIT OF AUCTIONEER/LIQUIDATOR

The undersigned submits this affidavit in support of employment by the Trustee as set forth in the Trustee's Motion to Appoint Professional as Auctioneer/Liquidator to the Trustee that was filed by the Trustee.

STATE OF COLORADO )
) ss.
COUNTY OF DENVER )

I, Christine Dickensheet, of Dickensheet & Associates, Inc., being first duly sworn, do state and aver as follows:

1. I am an experienced Auctioneer/Liquidator licensed to provide these services in the State of Colorado.

2. I maintain an office for the practice of auctioning in Colorado with a mailing address of 1501 W Wesley Avenue, Denver, Colorado 80223. My telephone number is (303) 934-8322.

3. To, the best of my knowledge, information and belief neither I nor any employees, officers or directors of Dickensheet & Associates, Inc., hold any interest adverse to the bankruptcy estate, the Debtors, the creditors, the Chapter 7 Trustee or the United States Trustee. I believe that all employees, officers and directors of Dickensheet & Associates, Inc. are disinterested person with the meaning of 11 U.S.C. 101(14).

4. To, the best of my knowledge, information and belief neither I nor any employees, officers or directors of Dickensheet & Associates, Inc. have any connections with the Debtors, creditors, any other party of interest, their respective attorneys and accountants or any person employed in the office of the U.S. Trustee. The only connection that I have with the Chapter 7 Trustee is that I have been employed by the Trustee in other unrelated bankruptcy cases along with principals of Trustee's counsel in other unrelated cases and unrelated matters.

5. Dickensheet & Associates, Inc. has a blanket bond in the amount of one hundred thousand dollars ($ 100,000.00). Bond No. 71340408 is a bond issued in the favor of the U.S. Government. This Bond has been in force since Oct 31, 2012 and is paid up to the next renewal date of October 31, 2017 (the Bond renews continuously until canceled by Principal).

Exhibit B

6. Dickensheet & Associates, Inc. has a Motor Vehicle Dealers License and a Dealer's Bond for $ 30,000.00. Bond No. 3312634 is a bond issued in favor of the State of Colorado. This Bond has been in force since June 1995 and is paid up to the next renewal date of June 30, 2018 (the Bond renews continuously until canceled by Principal).

7. Dickensheet & Associates, Inc. has liability insurance in the amount of $ 2,000,000.00; it also has theft, fire and casualty insurance of $ 500,000.00. These policies are issued by EMC Insurance, policy number 4X52487. The insurance is in effect and is paid quarterly through the next renewal date of August 25, 2018.

8. I have agreed to represent the Trustee for reasonable compensation, a fifteen percent (15%) commission of the gross proceeds of sale. In addition, I will receive reasonable compensation for my actual and necessary costs of sale to secure, transport, advertise, and store the property to be sold and others.

9. I have not shared nor agreed to share compensation received herein with any person.

10. It is my understanding that the assets to be sold at public auction are furniture and equipment. If applicable, the State of Colorado is hereby directed to issue title to successful purchaser at Trustee auction.

11. I would contemplate that the assets of this estate would be placed, after approval of employment and the motion to sell, into the next routinely scheduled auction or similar assets and vehicle sale(s) or into an individual auction of these specific items, and that the estate would not, incur unnecessary advertising expenses related to the auction sale(s).

12. After any sale conducted by me, I will submit to the Trustee the proceeds from the sale. At that time I will also submit to the Trustee and the U.S. Trustee a Report of Sale containing a complete statement and itemization of all assets and equipment sold, the sale prices, the purchasers and the costs of sale.

Executed this 6th day of July 2017

_____
Christine Dickensheet

Subscribed and sworn to before me this 6th day of July 2017 by Paula Fern Moody

_____
Notary Public

My Commission Expires: May 7, 2018

PAULA FERN MOODY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20104014704
MY COMMISSION EXPIRES MAY 7, 2018